UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  FEB 2 7 2009

P.M.
TIME A.M.

MOHAMED KEITA,

          Plaintiff,

     -against-

CHASE MANHATTAN MORTGAGE;
COUNTRYWIDE HOME LOAN; HOMEQ
SERVICING; CHASE; FREMONT INVESTMENT
& LOANS; AMC MORTGAGE SERVICE;
FIRST USA; DISCOVER FINANCIAL SERVICE;
LVNV FUNDING LLC; ARROW FINANCIAL;
NAT AMERICAN; GEMB/LOWES; MIDLAND
CREDIT; HSBC BANK; WAMU; SEARS;
EQUIFAX CREDIT INFORMATION; EXPERIAN
and TRANS UNION CONSUMER SOLUTION,

          Defendants.

-------------------------------------------------------------------x

**MEMORANDUM
AND ORDER**
08-CV-3749 (ENV)

VITALIANO, United States District Judge.

     Plaintiff Mohamed Keita, appearing *pro se,* filed a complaint against nineteen named

defendants stemming from a flooding event that occurred in 2007 at plaintiff's various properties

located in Richmond County. Plaintiff's original complaint alleged that his

> credit [was] impaired as result. Didn't get a suspension of mortgage payment for
> 90 (Ninety days) and debts obligation under the Law initially. Collection activities
> were reported to the bureaus. I could not borrow funds to mitigate damages, cure
> delinquencies, and return to pre-disaster conditions under a Presidential Declared
> Disaster. This caused me human suffering and hardship. And, also impairment of
> economic ability. All creditors that I am/was obligated to were all informed about
> the disaster, including the major credit bureaus.

Compl. at 4-5. Plaintiff sought unspecified monetary damages and for the deletion of "all

derogatory credit information off my credit report, including all foreclosure action and collection

accounts." Compl. at 9. By Order dated December 18, 2008, the Court directed plaintiff to file an

1



amended complaint within thirty (30) days of the entry of the Order to demonstrate a good faith basis for satisfying the amount in controversy requirement of 28 U.S.C. § 1332. To the extent plaintiff seeks to establish federal question jurisdiction pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, or another federal statute, plaintiff was directed to set forth the legal basis and factual allegations to support his claims against each defendant, and the relief he is seeking from each.

On January 23, 2009, plaintiff filed an amended complaint stating that he wishes to "delete" AMC Mortgage Service; First USA, Discover Financial Service; LVNV Funding LLC; Arrow Financial; NAT American; GEMB/Lowes; Midland Credit; HSBC Bank; WAMU; and Sears as defendants in this action. Amend. Compl. at 2, ¶ 2. Plaintiff's amended complaint also seeks to "amend part x of original complaint against Equifax, Experian, and Trans Union to seek Federal Question jurisdiction pursuant to Fair Credit Reporting Act." Amend. Compl. at 2, ¶ 3. However, plaintiff once again fails to allege any factual allegations to support a claim under the FCRA against these defendants. See Fed.R.Civ.P. 8.

Plaintiff also states that this Court has jurisdiction over his claims against Chase Manhattan Mortgage, Countrywide Homeloan, HOMEQ Servicing, Chase, and Fremont Investment and Loans pursuant to 28 U.S.C. §§ 1331 & 1332, and the "privacy Act/Freedom of Information Act,"[1] and that the amount in controversy is "believed to be inexcessed [sic] of $1,000,00.00 [sic] (One million dollars) against each of the defendants in amended complaint." Amend. Compl. at 1, ¶ 1.

---

[1] Plaintiff is advised that the Freedom of Information Act ("FOIA") 5 U.S.C. § 552a, governs document requests made to federal agencies. Plaintiff fails to allege that he sought documents from any of the defendants. Moreover, the defendants are not federal agencies and therefore are not required to provide information or documents pursuant to FOIA. Thus, any claim under FOIA is subject to dismissal.

However, plaintiff also fails to make any factual allegations against these defendants in the body of his complaint or his amended complaint. Fed.R.Civ.P. 8(a)(2).

## CONCLUSION

Plaintiff's claims against AMC Mortgage Service; First USA, Discover Financial Service; LVNV Funding LLC; Arrow Financial; NAT American; GEMB/Lowes; Midland Credit; HSBC Bank; WAMU; and Sears are dismissed.

Plaintiff is given an additional thirty (30) days from the entry of this Order to file a second amended complaint against Equifax, Experian, Trans Union, Chase Manhattan Mortgage, Countrywide Homeloan, HOMEQ Servicing, Chase, and Fremont Investment and Loans. Plaintiff's new complaint must abide by Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff shall allege, if he can, factual allegations to support a claim under the FCRA against Equifax, Experian and Trans Union and factual allegations against the remaining defendants to demonstrate a good faith basis for satisfying the amount in controversy requirement of 28 U.S.C. § 1332. The allegations must be short, plain and concise. Plaintiff is once again advised that any second amended complaint he files will completely replace the original complaint and the amended complaint. Therefore, plaintiff should not reference statements or allegations made in his previous complaints to support claims in his second amended complaint. The second amended complaint must be captioned, "Second Amended Complaint," and shall bear the same docket number as this Order.

All further proceedings shall be stayed for an additional thirty (30) days. The Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 26, 2009

ERIC N. VITALIANO
United States District Judge